**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5107**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MARK CHRISTOPHER HOLMAN, a/k/a Mark Christopher Holeman,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:08-cr-00004-WO-1)

Submitted: May 28, 2009          Decided: June 2, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Christopher Holman appeals from his conviction and 180-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon. Holman's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the validity of the guilty plea and the reasonableness of the sentence, but stating that there was no merit to the appeal. Holman filed a pro se brief challenging his sentence, the district court's jurisdiction, and asserting that the district court should have held a hearing to address his motions to withdraw his plea, to relieve counsel, and for an evaluation. Our review of the record discloses no reversible error; accordingly, we affirm Holman's conviction and sentence.

We find that Holman's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Holman was properly advised of his rights, the offense charged, and the mandatory minimum sentence he faced. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

The court reviews Holman's sentence for reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 591 (2007). In reviewing a

2

sentence, this court must first ensure that the district court committed no significant procedural error, such as incorrectly calculating the guideline range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). The court then considers the substantive reasonableness of the sentence imposed under the totality of the circumstances. Gall, 128 S. Ct. at 597. Holman was sentenced to the statutory mandatory minimum sentence of 180 months' imprisonment and we find the sentence reasonable.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We further find no merit to the claims raised in Holman's pro se supplemental brief. We therefore affirm Holman's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3